MICHAEL J. BETTINGER (STATE BAR NO. 122196)
mike.bettinger@klgates.com
RACHEL R. DAVIDSON (STATE BAR NO. 215517)
rachel.davidson@klgates.com
MIKAL J. CONDON (STATE BAR NO. 229208)
mikal.condon@klgates.com
J. MICHAEL KEYES (STATE BAR NO. 262281)
mike.keyes@klgates.com
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Phone: (415) 882-8200
Fax:    (415) 882-8220

Attorneys for Defendant
Carma Laboratories, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TURCIOS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARMA LABORATORIES, INC., a Wisconsin corporation,<br><br>Defendant. | Case No. CV12-8487- JGB(Ex)<br><br>**[PROPOSED] ORDER GRANTING CARMA LABORATORIES' MOTION FOR RULE 11 SANCTIONS** |

Defendant Carma Laboratories, Inc.'s ("Carma Labs") Motion for Rule 11 Sanctions came before the Court, the Honorable Jesus G. Bernal presiding. The Court having considered the parties' papers, relevant legal authority, and the record in this case, hereby finds as follows:

---

[PROPOSED] ORDER GRANTING MOTION FOR RULE 11 SANCTIONS
Case No. CV12-8487-JGB(Ex)

1

Plaintiff, Michael Turcios' counsel, Ridout Lyon + Ottoson LLP ("RLO"), violated Fed. R. Civ. P. 11 by certifying legal and factual contentions in the Complaint and Amended Complaint without evidentiary support, and for filing those pleadings for an improper purpose. Plaintiff's deposition testimony shows that RLO manufactured a case against Carma Labs before it had a plaintiff. Then, RLO's personnel discussed its already-existing case with Mr. Turcios (RLO's legal secretary's boyfriend) to solicit his involvement as a plaintiff even though Mr. Turcios testified that he never had any problems or complaints with Carma Labs' 0.25 oz Carmex product until RLO's personnel told him about RLO's "case" against Carma Labs and informed him that Carma Labs was "ripping people off." RLO's counsel then drafted and filed a complaint against Carma Labs without ever communicating with Plaintiff or having Plaintiff review the complaint. Plaintiff, in fact, did not review the Complaint or Amended Complaint until just days few his deposition. This behavior merits Rule 11 sanctions. *Bodner v. Oreck Direct, LLC*, No. C 06-4756, 2007 WL 1223777, at *3 (N.D. Cal. April 25, 2007) (counsel's practices were abhorrent when the plaintiff was solicited by the law firm, met with his attorney for the first time just prior to his deposition, did not read the complaint before it was filed, and his knowledge of the lawsuit came mostly from his attorney).

Plaintiff's deposition testimony also shows numerous material factual allegations in the Complaint and Amended Complaint are frivolous, including that: (1) Plaintiff was deceived by Carma Labs' packaging; (2) Plaintiff relied on the packaging when purchasing Carmex; (3) Plaintiff was harmed by Carma Labs' packaging; and (4) Plaintiff's claims and interests are aligned with the claims and interests of the proposed putative class. To the contrary, Plaintiff testified that he knew about the indentation on the bottom of the Carmex 0.25 oz jar right away and did not care about the packaging when he bought the product. Plaintiff also testified that he was satisfied with the product, would be happy if the jars contained 0.25 oz of

product (the parties do not dispute that the jars contain at least 0.25 oz), and would perhaps purchase it again. All of these statements show RLO's purported factual allegations in the Complaint are frivolous and lack evidentiary support.

Further, Plaintiff's deposition testimony shows that Plaintiff's true allegations about Carma Labs' packaging are wholly different from the allegations RLO asserted in the Complaint and Amended Complaint. Namely, Plaintiff understood that the 0.25 oz Carmex jar at issue stated that it contains 0.25 oz of product, but Plaintiff believes (because RLO's personnel told him falsely) that the jar holds less than 0.25 oz of product. Plaintiff's position contradicts the core allegations in Plaintiff's pleadings, which assert that the jar is deceptive because of non-functional slack fill and a false bottom. Basic factual inquiry would have brought this material inconsistency to light.

In short, RLO improperly manufactured a case before it had a plaintiff and failed to investigate key allegations in its pleadings before filing. Accordingly, RLO filed the pleadings for an improper purpose and without evidentiary support. In light of the foregoing,

IT IS HEREBY ORDERED THAT

(1)   Carma Labs' Motion for Rule 11 Sanctions against Ridout Lyon + Ottoson LLP is hereby GRANTED;

(2)   Plaintiff's action is hereby DISMISSED with prejudice and Plaintiff takes nothing by way of this action;

(3)   Ridout Lyon + Ottoson LLP is ORDERED to pay the reasonable attorneys' fees and other expenses directly resulting from their violation of Rule 11; and

(4)   Ridout Lyon + Ottoson is ORDERED to pay Defendant's reasonable attorneys' fees and other expenses associated with bringing its Motion for Rule 11 Sanctions.

///

1
2        IT IS SO ORDERED.
3
4
5   Dated: _____                    _____
6                                        Hon. Jesus G. Bernal
                                         United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER GRANTING MOTION FOR RULE 11 SANCTIONS
Case No. CV12-8487-JGB(Ex)

4