MICHAEL J. BETTINGER (STATE BAR NO. 122196)
mike.bettinger@klgates.com
RACHEL R. DAVIDSON (STATE BAR NO. 215517)
rachel.davidson@klgates.com
MIKAL J. CONDON (STATE BAR NO. 229208)
mikal.condon@klgates.com
J. MICHAEL KEYES (STATE BAR NO. 262281)
mike.keyes@klgates.com
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Phone: (415) 882-8200
Fax:     (415) 882-8220

Attorneys for Defendant
Carma Laboratories, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TURCIOS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARMA LABORATORIES, INC., a Wisconsin corporation,<br><br>Defendant. | Case No. CV12-8487- JGB(Ex)<br><br>**CARMA LABORATORIES INC.'S OPPOSITION TO PLAINTIFF'S FILING OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Motion for Cert. Hearing: July 1, 2013<br>Judge: Hon. Judge Jesus G. Bernal<br>Location: Courtroom 1 |

Carma Labs opposes Plaintiff Michael Turcios's filing of supplemental authority in support of his motion for class certification.

*First*, Plaintiff's "supplemental authority" is untimely, procedurally improper and unnecessary. Plaintiff did not seek discovery regarding Carma Labs' dispute with the District Attorney's office until *after* he filed his motion for class certification, although Plaintiff has been aware of that dispute since long before that motion was filed. Indeed, Plaintiff referenced the District Attorney's dispute in his certification brief. (Mot. at 1:9-10, 24:22-27.) Moreover, it appears that Plaintiff's attorneys were aware of the District Attorney's dispute prior to the filing of the complaint in this action, or have otherwise communicated with the District Attorney regarding that dispute. In response to Carma Labs' Sunshine Act request, the Sacramento County District Attorney's office admitted that it communicated with the Ridout & Lyon firm about its investigation into Carma Labs, although it has shielded those communications from disclosure under the investigative privilege. (*See* **Ex. A**, April 13, 2013 Letter from Sacramento County District Attorney, attached hereto) ("We have no documents or records concerning the Ridout firm or Mr. Turcious [sic] that do not relate to the investigation of Carma Labs.").)[1] Thus, Plaintiff cannot now claim in good faith that he "could not produce [the] document at the time his motion was originally filed" (Mot. at 1:7-9) or otherwise allege that he was unaware of the dispute at the time that motion was filed.

*Second*, there is no support for Plaintiff's allegation that the "disputes between Defendant and the District Attorneys for Yolo County and Sacramento County remains

---

[1] Carma Labs also sought discovery from Plaintiff regarding communications with the Sacramento County District Attorney's Office regarding the dispute in January. Plaintiff has denied exchanging "documents" with the District Attorney's office, but has not denied that it has communicated with that office, and claimed work product over any such communications. Curiously, Chris Ridout, Plaintiff's lead attorney, and Ruth Young, the Deputy District Attorney in Sacramento County leading the Carmex inquiry, also appear to have attended Pacific McGeorge School of Law together.

CARMA LABS' OPPOSITION TO PLAINTIFF'S FILING OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
Case No. CV12-8487-JGB(Ex)
1

[sic] ongoing and have still yet to be resolved." The letter attached as Exhibit A to Plaintiff's supplemental filing is dated August 17, 2011—*two years ago*. Tellingly, to date, the District Attorneys have taken no action against Carma Labs.

*Third*, the District Attorney's dispute (and the status thereof) is simply irrelevant to Plaintiff's motion for class certification. The existence (or lack thereof) of a government dispute cannot cure the myriad problems with Plaintiff's motion for class certification. In particular, unlike Mr. Turcios, a district attorney need not prove that a statutory violation caused any harm; merely that a statutory violation occurred. Mr. Turcios must prove not only that a statutory violation occurred, but also that he suffered harm as a result of that violation. As outlined in Defendant's prior briefing, Mr. Turcios, a repeat, satisfied Carmex consumer, has not and cannot make the requisite showing. Indeed, the existence of the District Attorney's inquiry into Carma Labs proves only that a class action is not a superior method of adjudicating this dispute because there is another adequate forum addressing the same issues raised in Plaintiff's complaint. *See, e.g.*, *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 211-213 (9th Cir. 1975) (upholding district court's finding that a class action was not superior where the California Attorney General brought a state court action relating to the same conduct); *Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 660-661 (1993). (denying class certification where a class action would "effectively duplicat[e] work which has been or could be done by the state.")

For the foregoing reasons, Carma Labs respectfully requests that the Court disregard Plaintiff's supplemental authority in support of class certification.

Respectfully submitted,

K&L GATES LLP

Dated: August 14, 2013          By:    */s/ Rachel R. Davidson*_____
                                       Attorney for Carma Labs

CARMA LABS' OPPOSITION TO PLAINTIFF'S FILING OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
Case No. CV12-8487-JGB(Ex)
2